BERNARD N. YANOW *v.* TEAL INDUSTRIES, INC., ET AL.
(12347)

PETERS, C. J., DANNEHY, SANTANIELLO, CALLAHAN and STOUGHTON, Js.

Argued April 11—decision released July 2, 1985

---

[1] See footnote 5 of the majority opinion, supra.

*Daniel Shepro,* with whom, on the brief, was *Lorraine W. Osborne,* for the appellant (plaintiff).

*Gordon A. Evans,* with whom, on the brief, was *Richard H. Lamere,* for the appellees (defendants).

SANTANIELLO, J. The narrow question presented by this appeal is whether the trial court abused its discretion in denying the plaintiff's timely motion to open judgment. A complete recitation of the facts of this case, as contained in the trial court's memorandum of decision, is unnecessary to our consideration of the issues raised on appeal. For the purpose of our limited review, the following facts are relevant: The plaintiff, Bernard N. Yanow, owned approximately 10 percent of the outstanding stock of the Mallard Manufacturing Company. In 1971, Mallard merged with Teal Industries, Inc. (Teal). Shortly after the merger, the plaintiff brought suit in four counts against Teal and Martin B. Gentry, Jr., an officer and director of Teal, seeking nullification of the merger, an accounting, and payment of damages.

The trial court, *Mulvey, J.,* granted summary judgment in favor of the defendants on all four counts and the plaintiff sought review of that order in this court. We found error in the judgment on appeal and

remanded the case for trial on counts one and four. *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979). Prior to trial, the court permitted the plaintiff to amend his complaint by adding an additional fifth count not originally alleged.

A trial on the merits was held before *Hon. John R. Thim,* state trial referee. On May 5, 1983, Referee Thim issued an exhaustive eighty page memorandum of decision in which he found for the defendants on all counts. The plaintiff thereupon filed a motion to open judgment.[1] Although the plaintiff originally prepared the motion on May 19, 1983, there is no evidence that the clerk's office received it at that time. The plaintiff was informed that the motion had not been docketed by the clerk's office a few weeks later, and refiled the motion, accompanied by the entry fee, on June 29, 1983. In a memorandum of decision on the motion, dated September 7, 1983, Referee Thim found that "[o]n May 19, 1983 the plaintiff prepared the motion to open judgment. It is uncontested that counsel for the defendants, in fact, received a copy of the plaintiff's motion. For reasons which are unknown, the original copy of the motion was never entered on the docket by the Clerk of the Court. Plaintiff's counsel concedes that the $15.00 entry fee was not forwarded to the Clerk with the motion at that time. Notwithstanding the fact that the motion to open the judgment was never entered on the docket, the undersigned proceeded with a hearing on the motion."[2] Referee

---

[1] "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court." General Statutes § 52-212a; Practice Book § 326.

[2] We note that, although the record before us is unclear as to precisely why the trial court clerk's office did not enter the motion on the docket, the plaintiff's failure to pay the filing fee would itself have rendered the

Thim then evaluated the pertinent evidence, and reviewed his memorandum of decision and the arguments of counsel on the motion, and concluded "that the judgment should not be opened."

On September 7, 1983, the defendants requested that the court clarify in its memorandum of decision on the motion to open whether the motion was filed on May 19, 1983, or June 29, 1983. If the motion were found to have been filed on May 19, 1983, within twenty days of the judgment of May 5, 1983, it would stay the appeal period. Practice Book § 3007. In response to the defendants' request the court stated that "[it] considers plaintiff's Motion to Open Judgment to have been filed subsequent to the expiration of twenty (20) days after notification of the court's judgment on May 5, 1983." The plaintiff was therefore barred from filing a direct appeal.

On September 27, 1983, the plaintiff appealed to this court from the May 5, 1983 judgment and from the trial court's denial of the motion to open. The defendants thereafter filed a motion to dismiss the appeal, which we granted as to the May 5 judgment only.[3] The

motion invalid. See General Statutes § 52-259c; *Van Mecklenburg* v. *Pan American Airways, Inc.*, 196 Conn. 517, 494 A.2d 549 (1985).

[3] We dismissed the plaintiff's appeal of the May 5 judgment as untimely. An appeal of a trial court decision must be taken within twenty days from issuance of notice of the judgment, but "if within the period of twenty days after the judgment was rendered . . . any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open judgment . . . the appeal may be filed within twenty days from the issuance of notice of the decision upon the motion . . . ." Practice Book § 3007. Since the trial court found that the motion to open was filed more than twenty days after the May 5 judgment was rendered, the plaintiff is precluded from appealing that decision.

Although the plaintiff attempted to amend his appeal to include the question of whether the trial court erred in finding that the motion to open was filed June 29, 1983, rather than May 19, 1983, we dismissed the amended appeal as untimely. See Practice Book § 3062.

remaining question left for our resolution is whether the trial court abused its discretion in denying the motion to open judgment.

" 'A motion to open and vacate a judgment filed during the four months after which judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. See *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523–24, 375 A.2d 1009 (1979); *State* v. *Fahey,* 147 Conn. 13, 15, 156 A.2d 463 (1959). In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. *State* v. *Bitting,* 162 Conn. 1, 11, 291 A.2d 240 (1971); *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959).' *Celanese Fiber, Division of Celanese of Canada, Ltd.* v. *Pic Yarns, Inc.,* [184 Conn. 461, 466–67, 440 A.2d 159 (1981)]." *Acheson* v. *White,* 195 Conn. 211, 214–15, 487 A.2d 197 (1985).

We have carefully reviewed each claim raised by the plaintiff's motion to open in light of the trial court's thorough factual findings and legal conclusions. The plaintiff sets forth no new assertions, points to no new evidence, nor does he make any allegation that the legal conclusions reached by the trial court were erroneous. The motion to open merely reiterates facts and questions of law that the trial court had already specifically found in favor of the defendants. On this record we are unable to conclude that the trial court, in denying the motion to open judgment, acted beyond the scope of its discretion.

There is no error.

In this opinion the other judges concurred.