[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN AND MOTION TO REARGUE
On July 10, 1995, the plaintiff, Kimchuk, Inc. (Kimchuk), filed a motion to open the judgment entered by the court in accordance with its memorandum of decision filed on June 6, 1995. On the same date Kimchuk filed a motion to reargue. The judgment assailed by Kimchuk was entered in favor of Kimchuk and against the defendant, Dataswitch Corp., in the amount of $30,297.54.
In its motion to open, Kimchuk requests the court to reconsider its factual findings concerning the amount of damages awarded to Kimchuk. The court's ruling on a motion to open is within the sound discretion of the court and its decision thereon will not be overturned absent a clear abuse of discretion. Yanowv. Teal Industries, Inc., 196 Conn. 579, 583, 494 A.2d 573
(1983).
A motion to open is an inappropriate mechanism to retry a case on issues and claims previously litigated. See S.N.E.T. v.Public Utilities Commission, 165 Conn. 114, 119, 328 A.2d 695
(1973). Moreover, a motion to open cannot be used to request the court to reconsider its decision on the facts of the case and the exercise of its discretion. FW Welding Service, Inc. v. Pen-SmithInc., 38 Conn. Sup. 455, 459, 451 A.2d 286 (App. Sess. 1982); see also Breen v. Breen, 18 Conn. App. 166, 172, 557 A.2d 140, cert. denied, 212 Conn. 801, 560 A.2d 984 (1989) (same). The motion should be used to introduce new matter not previously presented to the court.FW Welding Service, Inc. v. Pen-Smith. Inc., supra, 38 Conn. Sup. 459.
Since Kimchuk's motion is targeted at the court's exercise of its discretion and requests a reexamination of the facts, the motion is denied. Further, Kimchuk's motion to reargue is also denied as it was untimely filed. See Practice Book § 204B(a) (motion to reargue must be filed within 20 days of the court's rendition of its decision).
Morton I. Riefberg Judge of the Superior Court CT Page 13491