FEDERAL NATIONAL MORTGAGE ASSOCIATION *v.*
JOHN P. DICIOCCIO ET AL.
(AC 18151)

O'Connell, C. J., and Foti and Dupont, Js.

Submitted on briefs October 29—officially released December 22, 1998

*Jonathan A. Peck* and *Bruce N. Shibles* filed a brief for the appellant (plaintiff).

*Opinion*

O'CONNELL, C. J. In this foreclosure action, the plaintiff, Federal National Mortgage Association,

appeals from the judgment of the trial court denying its motion for further supplemental judgment. In its motion, the plaintiff moved the trial court to render a further supplemental judgment to rectify a clerical error made in calculating the debt set forth in the affidavit of debt. On appeal, the plaintiff claims that the trial court improperly denied its motion. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. On July 29, 1996, the trial court rendered a judgment of foreclosure by sale and found a debt of $47,313.36. This debt amount was based on the affidavit of debt submitted by the plaintiff. The affidavit of debt, however, contained a clerical error in which escrow advances for taxes in the amount of $5129.94 were subtracted from the debt rather than added to it. After the sale of the property, the trial court rendered a supplemental judgment for the plaintiff in the amount of $49,537.59 that reflected the original debt plus accrued interest. After discovering the error, the plaintiff filed its motion for further supplemental judgment and attached a copy of a corrected affidavit of debt. At the hearing on July 21, 1997, the trial court questioned its authority to change the amount of debt after judgment had been rendered.[1] It subsequently denied both the motion for further supplemental judgment and a later motion to reconsider. This appeal followed. In its appeal, the plaintiff claims that the trial court improperly denied the motion for further supplemental judgment. We agree.

"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what

[1] At the July 21, 1997 hearing, the trial court stated, "How can I increase the amount of the debt after the judgment?"

equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citation omitted; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 120, 629 A.2d 410 (1993). Furthermore, a trial court may correct a clerical error at anytime. *Blake* v. *Blake*, 211 Conn. 485, 495, 560 A.2d 396 (1989).

In the present case, the trial court, as a court of equity, had the authority to correct the clerical error to achieve an equitable result. To ignore the error would result in an injustice to the plaintiff because it is owed $10,259.88[2] more than the foreclosure judgment ordered. The motion for further supplemental judgment, therefore, should have been granted.

The judgment is reversed as to the denial of the motion for supplemental judgment and the case is remanded with direction to render a further supplemental judgment correcting the amount of the debt by the adding $10,259.88 to the amount owed to the plaintiff on the foreclosure judgment.

In this opinion the other judges concurred.

---

[2] The amount of $10,259.88 is twice the amount of the escrow advance, $5129.94, and corrects the effect of mistakenly subtracting instead of adding the escrow advances to the original debt.