[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONS RE: MOTION TO STRIKE SPECIAL DEFENSES {#171}
The substitute plaintiffs predecessor in interest, Security Pacific National Bank commenced this foreclosure action against the defendants, Charles and Elaine Robertson ("defendants"). The substitute plaintiff is the Bank of America National Trust and Savings Association ("substitute plaintiff"). The original plaintiff commenced this action against the defendants to foreclose a mortgage.
The defendants filed an amended answer and special defenses dated February 27, 1998. The defendants asserted four special defenses. The first special defense alleges that the plaintiff "has failed to give the defendants proper notice of acceleration pursuant to the terms of the mortgage deed. . . . [and b]y failing to give the defendants proper notice, the plaintiff has failed to satisfy a condition precedent to maintaining an action CT Page 2242 to foreclose the mortgage."
The second special defense alleges that the plaintiff's conduct was inequitable and "the Court should withhold foreclosure on equitable grounds." The defendants, in their third special defense, allege that certain "unforeseen occurrences, the nonoccurrence of which were basic assumptions on which the mortgage contract was made, have rendered performance of the mortgage contract impracticable." The fourth special defense alleges that "[t]he plaintiff is not entitled to judgment of foreclosure pursuant to the doctrine of unclean hands." Subsequently, the substitute plaintiff filed a motion to strike the defendants' second, third and fourth special defenses "for failure to set forth legally sufficient special defenses."
The motion to strike is used to test the legal sufficiency of any pleading. Mineachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 10-39, formerly § 152."[A] plaintiff can [move to strike] a special defense. . . ." Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see also Connecticut National Bank v. Voog, 223 Conn. 352, 354-55,659 A.2d 172 (1995); Girard v. Weiss, 43 Conn. App. 397, 417,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996), Practice Book § 10-39, formerly § 152.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." FederalDeposit Insurance Corp. v. Napert-Boyer Partnership, 40 Conn. App. 434,445, 671 A.2d 1303 (1996); see Practice Book § 10-50, formerly § 164.
"In . . . ruling on the motion to strike, the trial court recognized an obligation to take the facts to be those alleged in the special defense and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
"[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors. Inc v. FuscoCorp, 231 Conn. 381, 383, n. 2, 650 A.2d 153 (1994); see alsoFerryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "Although the motion to strike admits all facts well pleaded, it CT Page 2243 does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. Kimberly Clark Corp,28 Conn. App. 660, 664, 613 A.2d 838 (1992).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra,196 Conn. 108-09.
"The defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien . . . In some cases however, [b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration.
"Equitable special defenses are permitted but they are limited to those which attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) HomeSavings of America v. Newkirk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150962 (Jan. 5, 1998,Hickey, J.); Dime Savings Bank v. Mallozzi, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No 165270 (Nov. 6, 1998, Hickey, J.).
"[A] foreclosure action constitutes an equitable proceeding. . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Alterations in original; CT Page 2244 internal quotation marks omitted.) Federal National MortgageAssociation v. DiCioccio, 51 Conn. App. 343, ___ A.2d ___ (1998), quoting Citicorp Mortgage. Inc v. Burgos, 227 Conn. 116, 120,629 A.2d 410 (1993).
 SECOND SPECIAL DEFENSE
The defendants, in their second special defense, allege that "the Court should withhold foreclosure on equitable grounds" The defendants allege that "[d]ue to the plaintiffs inequitable conduct by (1) ignoring orders of this Court, (2) submitting sworn affidavits which are false, misleading and/or prepared without any modicum of care, (3) refusing to entertain any good faith offers presented by the defendants and (4) refusing to negotiate in good faith, as well as the demands placed on the defendants in order to properly care for their children, the Court should withhold foreclosure on equitable grounds." The substitute plaintiff moves to strike the second special defense on the ground that it is legally insufficient "because it does not address the making, validity or enforcement of the note, but rather attacks post acceleration conduct of a lender. "
"An analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself." (Internal quotation marks omitted.) Shanas Group v. Taylor, Superior Court, judicial district of New Haven at New Haven, Docket No. 380296 (Mar. 3, 1997, Celotto, J.). Post acceleration conduct is not an equitable defense "because [it does] not address the making, validity or enforcement of the note." Id.
The second special defense asserted by the defendants does not attack the making, validity or enforcement of the note, rather the conduct of the substitute plaintiff after the commencement of this lawsuit. As such, and in the court's discretion, it is not a viable special defense to a foreclosure action. Therefore, it is insufficient as a matter of law, and the substitute plaintiffs motion to strike the second special defense is hereby granted.
THIRD SPECIAL DEFENSE
In the third special defense, the defendants argue that when the parties contracted the note, they did not foresee the events which would lead to the defendants' inability to repay the note CT Page 2245 The defendants argue that those "unforeseen occurrences, the nonoccurrence which were basic assumptions on which the mortgage contract was made, have rendered performance of the mortgage contract impracticable." The substitute plaintiff moves to strike the third special defense on the ground that is "legally insufficient because the Defendants have failed to allege sufficient facts to give rise to an impracticability defense and the special defense does not attack the making, validity or enforcement of the note. "
"A party claiming that a supervening event or contingency has prevented, and thus excused, a promised performance must demonstrate that: (1) the event made the performance impracticable; (2) the nonoccurrence of the event was a basic assumption on which the contract was made; (3) the impracticability resulted without the fault of the party seeking to be excused; and (4) the party has not assumed a greater obligation than the law imposes." Dills v. Enfield,210 Conn. 705, 717, 557 A.2d 517 (1989). "[T]he event upon which the obligor relies to excuse his performance cannot be an event that the parties foresaw at the time of the contract." Id., 718.
"This court finds that the nonoccurrence of an event is not a basic assumption of a contract to the extent that one party has assumed the risk of its occurrence. Whether the nonoccurrence of a contingency was a basic assumption depends primarily upon whether the parties anticipated the risk of the contingency occurring, and if so, how the parties intended to allocate the risk between them." Teachers Insurance and Annuity Association ofAmerica v. Broad and Hanranhan Limited Partnership, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132304 (Dec. 12, 1997, Karazin, J.). "Determining whether the non-occurrence of a particular event was or was not a basic assumption involves a judgment as to which party assumed the risk of its occurrence In making such determinations, a court will look at all circumstances, including the terms of the contract"DeCarlo and Doll, Inc. v. Dilozir, 45 Conn. App. 633, 643,698 A.2d 318 (1997).
In this case, the defendants argue that certain unforeseen circumstances have led to their inability to repay the note and "have rendered performance of the mortgage contract impracticable." However, it is evident from the contract, ie., the note, that such inability to repay the note was contemplated. Paragraph 11 of the note provides, in pertinent CT Page 2246 part, that "[i]n addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed . . . protects the Note Holder from possible losses which might result if I do not keep the promise which I make in the Note."
The defendants, in contracting with the plaintiff's predecessor in interest, contemplated the possibility that they would be unable to fulfill the requirements of the note. "[O]nly in the most exceptional circumstances have courts concluded that a duty is discharged because additional financial burdens make performance less practical than initially contemplated." (Alterations in original; internal quotation marks omitted.)DeCarlo and Doll. Inc. v. DiLozir, supra, 45 Conn. App. 641. As such, the defendants' third special defense of impracticability is legally insufficient and the substitute plaintiffs motion to strike this special defense is granted.
FOURTH SPECIAL DEFENSE
In the fourth special defense, the defendants allege that "[t]he plaintiff is not entitled to judgment of foreclosure pursuant to the doctrine of unclean hands." The substitute plaintiff moves to strike this special defense on the ground that it "is legally insufficient because it does not attack the making, validity or enforcement of the note but rather attacks post acceleration conduct of the mortgagee . . . [and this has] not been recognized as a valid defense to an action of foreclosure"
In this special defense alleging unclean hands, the defendants reallege paragraphs 1 through 10 of their second special defense. The first five paragraphs, however, do not allege improper conduct of the substitute plaintiff. Paragraphs six through ten attack the conduct of the substitute plaintiff after the acceleration of the note and commencement of this lawsuit. As such, this fourth special defense does not attack the making, validity or enforcement of the note and is not a valid special defense to foreclosure. (See infra, Second Special Defense.) Therefore, the substitute plaintiffs motion to strike the defendants' fourth special defense is granted.
For the reasons stated above, the substitute plaintiff's motion to strike the defendants' second, third and fourth special defenses is hereby granted. CT Page 2247
So Ordered.
HICKEY, J