PEOPLE'S BANK *v.* ALBERT A. LETENDRE ET AL.
(AC 19816)

Schaller, Hennessy and Shea, Js.

Argued February 24—officially released May 9, 2000

*Robert J. Piscitelli*, for the appellant (plaintiff).

*Denise C. McCarthy*, with whom, on the brief, was *Atherton B. Ryan*, for the appellee (defendant town of Ellington).

*Opinion*

PER CURIAM. In this mortgage foreclosure action, the plaintiff, People's Bank, appeals following the trial court's denial of its motion to reopen the judgment. The plaintiff claims that the trial court abused its discretion when it refused to reopen the judgment so that it could amend its complaint to convert this action into an action on the note. We affirm the judgment of the trial court.

The record discloses that the plaintiff commenced a foreclosure action against the defendants on March 4, 1998, with respect to property in Ellington. Upon motion of the plaintiff, the trial court rendered a judgment of strict foreclosure on February 1, 1999, with law days commencing on May 10, 1999. After the judgment was

opened on May 10, 1999, new law days were set to commence on July 12, 1999. The plaintiff filed a motion to reopen the judgment on July 1, 1999. The sole basis for the motion was that the plaintiff did not want to take title to the property and wanted to convert the matter to an action on the note. The court denied the motion to reopen the judgment, stating that "to now allow the plaintiff to change remedies when judgment has entered would be unfair and inequitable."

"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) *Federal National Mortgage Assn.* v. *Dicioccio*, 51 Conn. App. 343, 344–45, 721 A.2d 569 (1998). This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. *Yanow* v. *Teal Industries, Inc.*, 196 Conn. 579, 583, 494 A.2d 573 (1985). Our review of the trial court's exercise of legal discretion is limited to the question of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. *Connecticut National Bank* v. *Zuckerman*, 29 Conn. App. 541, 545, 616 A.2d 814 (1992). In this appeal, we conclude that the trial court did not abuse its discretion.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.