[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This disputed issue in this foreclosure action is the question of how much of the attorney fees and costs, including a committee fee, incurred in a prior foreclosure action between the parties[1] and several bankruptcy actions, are properly awarded in this case. The parties have submitted a detailed stipulation, in which the expenses are itemized and other relevant material is presented.
The prior foreclosure action, Connecticut Housing Finance Authority v.James, No. CV 92 0508338, was brought in 1992. A foreclosure by sale was ordered in that action, but the proceedings were marked by the filing of three bankruptcy actions filed by the defendants and the sale never occurred. The defendants were able ultimately to become current on their debt in a Chapter 13 action. The fees awarded in the action for foreclosure by sale followed the guidelines in this judicial district: the court awarded $2000 in attorney's fees, as well as two additional awards of attorney's fees in the amount of $350 each to compensate for time spent in the bankruptcy proceedings. The committee which was appointed to conduct the sale[2] was awarded its fee of $3,775.25. The prior foreclosure case was ultimately withdrawn after the payments were made through bankruptcy.
Meanwhile, in the pertinent Chapter 13 proceeding in bankruptcy court, the debt claimed by the plaintiff's predecessor in interest included as "pre-petition attorney fees" as of February 3, 1995, the amount of $6,925.25. This amount was paid by the defendants in the course of the bankruptcy proceedings and was discharged.
A law firm, B, represented the plaintiff throughout the proceedings in bankruptcy court and in the prior foreclosure action.[3] B billed a total of $10,585.25 in attorney's fees and $762.80 in expenses during the pendency of the foreclosure action and the bankruptcy actions, and the plaintiff paid these amounts. Additionally, the plaintiff paid the committee fee of $3,775.25. The bankruptcy debt was discharged on February 11, 1998, after all plan payments had been made. The prior foreclosure action was withdrawn, because the defendants were, apparently, current in payments.
The defendants fell behind again, however, and the present action was instituted. It is agreed that the defendants have defaulted in their CT Page 13391 payments. The primary issue for resolution is what portion, if any, of the fees and expenses incurred by the plaintiff in connection with the prior actions is properly allowed in this action. The plaintiff, who has submitted reasonably detailed itemization of the expenses, claims that the entire amount of the fees and costs, less the $6925.25. discharged in bankruptcy, ought to be allowed in this action, together with attorney fees incurred in this case. The defendants claim, in essence, that the amount of fees recoverable in this action is limited to those fees approved by the court in the prior action; further, the defendants claim that the committee fee of $3775.25 was included in the $6925.25 discharged in bankruptcy. Finally, the defendants claim that the amount claimed as attorney fees is unreasonable in any event, and that the attorney fees incurred in this action should be limited to the standard fee, because any additional expenses were caused by alleged overreaching as to the recovery of prior fees.
The legal guidelines are reasonably straightforward. First, it is clear that fees and expenses incurred in prior actions may be recoverable in subsequent actions. In Mechanics Savings Bank v. Tucker, 178 Conn. 640
(1979), the legal expenses involved in three prior appearances in bankruptcy court and in defending a prior antitrust case involving the same property were properly included in calculating the attorney's fees awarded in the subject foreclosure action. The court held that §49-7[4] of the General Statutes specifically allowed the inclusion of such fees, because they were incurred in "protecting or sustaining the lien of such mortgage." The court has a broad discretion in setting the amount of the fees to be awarded; the court should determine the reasonableness and may resort to its own knowledge of the field.Connecticut National Bank v. N.E. Owen II, 22 Conn. App. 468, 476-77
(1990); Burritt Mutual Savings Bank v. Tucker, 183 Conn. 369, 376
(1981). Foreclosure is essentially an equitable proceeding, and the court may examine all relevant factors to ensure that complete justice is done. People's Bank v. Letendre, 57 Conn. App. 645, 646 (2000).
The first question for resolution is whether the committee fee of $3,775.25 was intended to be included in the $6,925.25 which was discharged in bankruptcy. If the fee was included, then the amount would, of course, not properly be included in any amount due in this case. I find that it is more likely than not that the committee fee was not included in the amount discharged in bankruptcy. I find this for several reasons. First, and most compellingly, the fee was not approved by this court in the prior foreclosure action until March 27, 1995, and it apparently was not paid by the plaintiff until September, 1995, in response to a letter from B written in July, 1995. The debt presented to the bankruptcy was that which existed as of February 3, 1995, and the committee's motion to have its fees approved by this court was not filed CT Page 13392 until February 9, 1995. Second, the debt presented to the bankruptcy court is called "pre-petition attorney fees". The categorization is not necessarily dispositive, but it should be noted that on the bankruptcy form the category called "other pre-petition fees, expenses and charges. . . ." is completed with a zero. Finally, the $6925.25 is almost, but not quite, the amount which B had billed the plaintiff prior to February 3, 1995. The defendants argue that the amounts of attorney's fees approved by this court plus the committee fee equals $6925.25. This would be a persuasive argument, except for the problem that the equation requires an imaginary "other fee" in the amount of $450 to balance.
I find, then, that the amount of the committee fee has not already been paid by the defendants and, as an expense approved by the Superior Court in a prior action to enforce the lien; see Mechanics Savings Bank v.Tucker, supra; it is properly added to the debt and awarded as a fee in this case.
This does not end the inquiry, however. Attorney fees in the amount of only $2700 were approved by the court, and fees in the amount of $6925.25 were submitted to the bankruptcy court. The plaintiff argues that the award of fees in that amount was not contested in the bankruptcy court and is now binding on both parties as the proper amount of fees for time spent until February 3, 1995, and that fees for time spent after that date should be awarded in this action. I agree that there may be a binding effect for some purposes; and it may be significant that the defendants apparently did not object to the inclusion of $6925.25 at the time it was included and approved. Nonetheless, this court had approved only $2700, and no attempt was made to ask the court to approve any additional fees, pre-petition or post-petition. On considering all the circumstances, I think it is fair and equitable to leave the amount of $6925.25 untouched and unreduced, but the fact that only $2700 was approved by this court can be taken into consideration in whether to allow post-petition fees and expenses. Because the $6925.25 is certainly generous in the circumstances, and far above the usual amount allowed in foreclosure actions, and because there was no effort to approve the post-petition attorney fees or expenses in this court, I decline to award any attorney fees or expenses for post-petition activity by B.[5]
As to attorney fees incurred in this case, I will award the usual fee of $1500 and an additional $800 because of the unusual nature of this case. The prior committee fee of $3775.25 is allowed. The value of the land is $25,000; the value of the improvements is $73,000. The total value is $98,000. An award is made in the amount of $150 for title search and $350 for the appraiser fee. The debt is $53,442.63. It has been agreed that an order of strict foreclosure shall issue, with the first law date set for April 23, 2001. CT Page 13393
Beach, J.