SAMUEL P. MILAZZO *v.* BARRY S. SCHWARTZ ET AL.
(AC 24468)

Lavery, C. J., and DiPentima and Berdon, Js.

Argued December 6, 2004—officially released April 26, 2005

*Barbara M. Schellenberg*, with whom, on the brief, was *David B. Zabel*, for the appellant (named defendant).

*Stephen F. Donahue*, with whom, on the brief, was *Sabato P. Fiano*, for the appellee (plaintiff).

*Opinion*

BERDON, J. The named defendant, Barry S. Schwartz,[1] appeals from the judgment of the trial court rendered following the granting of the plaintiff's motion to correct a clerical error in the judgment. The defendant claims that the court improperly (1) opened a deficiency judgment to correct a mistake made in the calculation of the amount due to the plaintiff, Samuel

---

[1] Both Barry S. Schwartz and Creative Food and Beverage, Inc., were defendants in the original strict foreclosure action. Only Schwartz has appealed, and we refer to him in this opinion as the defendant.

P. Milazzo and (2) rendered the corrected deficiency judgment because there was insufficient evidence to support the judgment. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claim. In 1992, the plaintiff initiated this action against the defendant and Creative Food and Beverage, Inc. (Creative Food), to obtain a judgment of strict foreclosure of two $100,000 mortgages that he held on their properties.[2] The court rendered a judgment of strict foreclosure on December 11, 1995, designating January 9, 1996, as the first law day. The defendant and Creative Food appealed from the court's judgment of strict foreclosure, and we affirmed the judgment. *Milazzo* v. *Schwartz*, 44 Conn. App. 402, 690 A.2d 401, cert. denied, 240 Conn. 926, 692 A.2d 1282 (1997). The court subsequently opened the judgment of strict foreclosure several times in order to extend the law days. On October 20, 1997, the court reopened the judgment of strict foreclosure for the final time and set a law day of November 18, 1997.

The court, on August 9, 1999, granted the plaintiff's motion for a deficiency judgment against the defendant, finding that the mortgaged properties were not redeemed and that title to the properties vested in the plaintiff on November 19, 1997. The court determined that the defendant's debt to the plaintiff amounted to $309,206.11 and that the subject properties had a value set forth in the calculations accompanying the plaintiff's affidavit of debt. A deficiency judgment was rendered in favor of the plaintiff in the amount of $90,177.11. On November 19, 2002, approximately five years after the deficiency judgment was originally rendered, the plain-

---

[2] The plaintiff held mortgages on the defendant's residence in Trumbull and on property in Bridgeport owned by the defendant and Creative Food.

tiff filed a motion to correct an error in the deficiency judgment. According to the plaintiff, instead of subtracting one half of the balance due on the prior existing blanket mortgages on the properties from the amount due to him, the full balance due on the mortgages, $160,000, should have been added to the amount owed to him by the defendant so as "to reflect the actual net equity of the property in computing the deficiency judgment." The total of the balances due on the mortgages on both properties should have been deducted from the value assigned to the properties. Notwithstanding the passage of more than four months after the deficiency judgment was rendered, and over the defendant's objection, the court granted the plaintiff's motion to correct the error, finding that it was a clerical error and that the corrected deficiency was $221,085.33. On July 14, 2003, a deficiency judgment was rendered in favor of the plaintiff. The defendant appeals from that judgment.

I

The defendant claims that the court improperly granted the plaintiff's motion to correct the error in the deficiency judgment. Specifically, the defendant contends that the mistake was not a clerical error, and, therefore, the court had no jurisdiction to open the judgment beyond four months from the date of the original deficiency judgment.[3] We disagree and affirm the judgment of the trial court.

[3] General Statutes § 52-212a provides in relevant part: *"Unless otherwise provided by law* . . . a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed . . . ." (Emphasis added.) Our Supreme Court has explained that "the substantive provisions of § 52-212a are fully enforceable as a limitation on the authority of the trial court to grant relief from a judgment after the passage of four months. Thus construed, § 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it. . . . [A] trial court judgment rendered after the expiration of an applicable statutory time limitation is not void for want of jurisdiction of the court to render it . . . but . . .

We first set forth our standard of review of the defendant's claim. "The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Connecticut National Bank v. Gager*, 263 Conn. 321, 325–26, 820 A.2d 1004 (2003). Accordingly, the court's application of the legal definition of a clerical error is subject to our plenary review.

Our Supreme Court has explained that "[t]here is a distinction between corrections [of judgments] that change the substance of a court's disposition and corrections that merely remedy clerical errors. . . . [T]he distinction [is] that mere clerical errors may be corrected at any time even after the end of the term. . . . A clerical error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. . . . In other words, it is clerical error if the judgment as recorded fails to agree with the judgment in fact rendered . . . . Thus, a motion to correct properly is granted when the moving party demonstrates that the recorded judgment is inconsistent with the actual judgment. . . . A finding of an inconsistency between the recorded judgment and the actual judgment necessarily requires that the actual judgment be unambiguous and clearly ascertainable." (Citations omitted; internal quotation marks omitted.) Id., 326. We find, as the trial court did, that

unless the party against whom it is rendered consents to its being entered or waives the objection [the judgment] is erroneous." (Internal quotation marks omitted.) *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999).

the error in determining the amount of the deficiency was a clerical error.

The incorrect calculation of the deficiency judgment here is almost identical to the error at issue in *Federal National Mortgage Assn.* v. *Dicioccio*, 51 Conn. App. 343, 721 A.2d 569 (1998), which this court deemed clerical and, therefore, subject to correction beyond the four month period. In *Federal National Mortgage Assn.*, we reversed the judgment of the court and held that the correction of a mathematical error in the calculation of the debt owed to the plaintiff was the correction of a clerical error. Id., 345. Instead of adding escrow advances to the debt as it should have, the court subtracted the advances from the amount owed by the defendant. Id., 344.

In this case, the amount of the deficiency judgment owed by the defendant to the plaintiff did not reflect the actual amount owed. "A court may correct a clerical error at any time, even after the expiration of the four month period [set forth in General Statutes § 52-212a]." (Internal quotation marks omitted.) *Cusano* v. *Burgundy Chevrolet, Inc.*, 55 Conn. App. 655, 659, 740 A.2d 447 (1999), cert. denied, 252 Conn. 942, 747 A.2d 519 (2000). The defendant cannot escape the full amount for which he is liable to the plaintiff because of a simple mistake made in the mathematical calculation of the deficiency judgment. The court properly granted the motion to correct because the mistake was a clerical error, which could be corrected by the court at any time, and the plaintiff did not seek to alter the substance of the judgment.[4] See, e.g., *Connecticut National Bank*

---

[4] The defendant argues that the negligence of the plaintiff's attorney does not provide sufficient grounds to render inapplicable the four month time limit on a court's authority to modify judgments. The defendant contends that the plaintiff's attorney negligently presented his client's case to the court and negligently prepared the deficiency judgment calculations, negligence, the defendant claims, that led to the error the plaintiff now seeks to correct. The defendant, however, cites no authority supporting the proposition that a court cannot correct a clerical error in its judgment later than

v. *Gager,* supra, 263 Conn. 326; *Cusano* v. *Burgundy Chevrolet, Inc.,* supra, 55 Conn. App. 659; *Federal National Mortgage Assn.* v. *Dicioccio,* supra, 51 Conn. App. 344–45.

## II

The defendant also claims that once the court opened the judgment to correct a clerical error, it opened the judgment for all purposes. We disagree. In this case, the defendant wishes to contest the sufficiency of the evidence, i.e., the sufficiency of the evidence with respect to the value of the Trumbull property as of the date of entry of the judgment of strict foreclosure. The value of the Trumbull property, necessary to establish the deficiency, is not a clerical error. See, e.g., *Ravizza* v. *Waldie,* 3 Conn. App. 491, 493–94, 490 A.2d 90 (1985) (holding that this court could not correct discrepancy between a description of land in trial court's memorandum of decision and description in diagram because such determination would require this court to retry issues in dispute and judgment reflected trial court's decision). The value of the Trumbull property should have been challenged on direct appeal. See id., 494 ("the defendants' argument is that the trial court could not have reached the conclusion that it did reach on the basis of the pleadings and the record . . . thus [the claimed error] should have been raised by an appeal from the judgment"). It was not. *Milazzo* v. *Schwartz,*

four months after the judgment was rendered if the negligence of a party's attorney contributed to the error. Furthermore, as we previously discussed, this case in principle is almost identical to that of *Federal National Mortgage Assn.* v. *Dicioccio,* supra, 51 Conn. App. 343, wherein we applied the clerical error rule. In *Federal National Mortgage Assn.,* the error in calculating the amount of the deficiency was the failure to add the escrow taxes to the debt instead of subtracting them from the debt. Id., 344. In this case, the error in calculating the amount of the deficiency was subtracting only one half of the balance due on the prior existing blanket mortgages instead of subtracting the full balance of the mortgage.

supra, 44 Conn. App. 403.[5] Accordingly, the court properly found, as of August 9, 1999, a deficiency judgment against the defendant in the amount of $221,085.33.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The prior appeal from the judgment of strict foreclosure taken by the defendant raised three issues: (1) whether the statute of frauds applied to the unsigned lease for the Bridgeport property; (2) whether the defendant was estopped from pursuing certain special defenses and counterclaims against the plaintiff; and (3) whether the plaintiff could be awarded interest. *Milazzo* v. *Schwartz*, supra, 44 Conn. App. 403. The sufficiency of the evidence with respect to the value of the Trumbull property was never raised.