SUSAN C. FORTE ET AL. *v.* CITICORP
MORTGAGE, INC.
(AC 24911)

Bishop, Gruendel and Foti, Js.

Argued April 25—officially released August 16, 2005

*Laurence V. Parnoff,* for the appellant (plaintiff Frank J. Forte).

*Matthew D. Gordon,* with whom was *Laura Baer Roman,* for the appellee (defendant).

*Opinion*

BISHOP, J. In *Forte* v. *Citicorp Mortgage, Inc.,* 66 Conn. App. 475, 784 A.2d 1024 (2001) (*Forte I*), this court reversed the judgment of the trial court in part and remanded the case for further proceedings.[1] On remand, the court rendered judgment in favor of the defendant, Citicorp Mortgage, Inc. The plaintiff Frank J. Forte[2] appeals from that judgment, claiming that the court improperly (1) restricted the issues on remand and (2) restricted the presentation of expert testimony regarding banking practices and duties.[3] We affirm the judgment of the trial court.

---

[1] The rescript ordered: "The judgment is reversed as to count one of the plaintiffs' revised complaint and affirmed as to count two of that complaint and the case is remanded for further proceedings not inconsistent with this opinion." *Forte* v. *Citicorp Mortgage, Inc.,* supra, 66 Conn. App. 490.

[2] Susan C. Forte, who was a plaintiff in the first trial, is not a party to this appeal. We therefore refer in this opinion to Frank J. Forte as the plaintiff.

[3] The plaintiff also claimed that the court improperly (1) precluded certain documents offered as exhibits and (2) submitted interrogatories to the jury that were "unduly prejudicial to the plaintiff's case." The gravamen of these claims finds its genesis in the plaintiff's first claim that the court improperly restricted the issues at trial to whether the parties had entered into an enforceable refinancing agreement. The plaintiff claims that the court improperly excluded certain evidence due to the limited scope of the trial, preventing him from submitting evidence of the defendant's violation of its duty to deal with its customers in good faith regardless of whether the parties had entered into a refinancing agreement. He also claims that the court submitted jury interrogatories that improperly predicated a verdict

The following facts are relevant to our resolution of the plaintiff's appeal. The controversy between the parties evolves from an agreement they entered into in May, 1990, with respect to real property located at 42 Farmstead Lane in Trumbull. The plaintiff and Susan C. Forte, the plaintiff's wife at the time, executed a promissory note in favor of the defendant in the amount of $523,400. Susan Forte gave the defendant a mortgage on the property as security for the note. In March, 1993, both Susan Forte and the plaintiff brought an action against the defendant, claiming, in count one of the revised complaint, that the defendant had breached its duty of good faith and fair dealing by failing to disclose a complete, accurate and fair appraisal of the property that would have detected certain alleged latent defects. They also claimed that the defendant had breached its duty of good faith and fair dealing by first informing Susan Forte and the plaintiff that they were entitled to refinance their mortgage "automatically" at any time within one year of the closing without incurring any additional appraisal or inspection costs and then refusing to allow them to do so when interest rates declined. In count two, they alleged that the defendant had breached its contract with them by failing to provide them with an appraisal that disclosed patent defects in the construction of the home, which defects were known or, in the exercise of due care, should have been known to the appraiser and disclosed to the bank.

On March 29, 1996, the defendant filed a motion for summary judgment on the two count complaint. The court, *Levin, J.*, granted the defendant's motion on the ground that there was no genuine issue of material fact in dispute and that the defendant therefore was entitled to judgment as a matter of law. Susan Forte and the

for the plaintiff on a finding of the existence of a refinancing agreement between the parties. Because we find in part I that the court properly restricted the scope of the trial to, inter alia, whether the parties had entered into an enforceable refinancing agreement, we do not reach these claims.

plaintiff filed a motion for reargument, for reconsideration and to set aside the summary judgment on their complaint. Judge Levin granted that motion. On May 17, 1999, the defendant refiled its motion for summary judgment. The court, *Skolnick, J.*, granted the defendant's motion on March 7, 2000. Susan Forte and the plaintiff appealed from the court's order granting the defendant's motion for summary judgment.

In *Forte I*, this court affirmed the trial court's granting of summary judgment in favor of the defendant on the second count of the revised complaint on the ground that there was nothing inherent in the lender-borrower relationship sufficient to impose on the defendant a duty to provide Susan Forte and the plaintiff with an accurate appraisal. This court also reversed the summary judgment on the first count on the ground that there was a genuine issue of material fact regarding whether the parties had entered into an enforceable refinancing agreement, pursuant to which Susan Forte and the plaintiff were entitled to refinance the mortgage at any time within one year of the original closing. This court remanded the case for further proceedings on that issue, noting that the claim that the defendant had breached the duty of good faith and fair dealing was contingent on the existence of the alleged refinancing agreement.[4] After a full hearing on the remanded count, the jury returned a verdict in favor of the defendant and specifically found that the parties never had reached an agreement regarding refinancing.[5] The court, *Karazin*,

---

[4] At some point thereafter, Susan Forte and the plaintiff were divorced, and Susan Forte transferred the mortgage to the plaintiff. Only the plaintiff pursued the claim on remand.

[5] An interrogatory to the jury asked: "1. Do you find that the plaintiff and [the defendant] reached an agreement, at any time prior to 5/21/1991, pursuant to which the plaintiff was entitled to refinance his mortgage at any time within one year without an additional appraisal inspection or incurring similar closing costs?

"Yes ___ No ___ If the answer to interrogatory number 1 is 'No,' please proceed to the end of the document and sign in the space provided and go to the Defendant's Verdict Form."

*J.*, accepted the jury verdict and rendered judgment in favor of the defendant. This appeal followed.

I

The plaintiff first claims that the court improperly restricted the issues on remand. The plaintiff maintains that the court improperly determined that the only issues to be determined at trial on remand were whether the parties had entered into an enforceable refinancing agreement entitling the plaintiff to refinance his mortgage at any time within one year of the original closing and, if that contract had been formed, whether that contract was breached, whether there were any damages, whether the defendant had a duty of good faith and fair dealing and, if so, whether that duty was breached. We disagree.

We first set forth our standard of review of the plaintiff's claim. "The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Milazzo* v. *Schwartz*, 88 Conn. App. 592, 596, 871 A.2d 1040 (2005). Accordingly, the court's decision to narrow the scope of the trial is subject to our plenary review.

"It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . . The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term.

. . . [T]he existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." (Citations omitted; internal quotation marks omitted.) *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 793, 749 A.2d 1144 (2000).

The plaintiff argues that the first count of the revised complaint stated an additional claim for breach of the covenant of good faith and fair dealing that was independent of any refinancing agreement between the parties. According to the plaintiff, even if no such agreement had been formed, the defendant still owed the plaintiff a duty of good faith and fair dealing, which it violated by failing to allow the plaintiff any opportunity to refinance. In sum, the plaintiff argues that the court inappropriately denied him the opportunity to prove that portion of the first count of the revised complaint by improperly restricting the issues at trial to whether the parties had entered into an enforceable refinancing agreement.

The plaintiff's contention that it is possible to state a claim for breach of the covenant of good faith and fair dealing independent of an agreement between the parties defies well settled Connecticut appellate case law. As noted, our case law unequivocally has established that the existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing. See id. In the present matter, the court's decision that the plaintiff was required to establish the existence of a refinancing agreement in order to prevail on his claim that the defendant had breached the duty of good faith and fair dealing fully comported with the law. Although the record reveals that the parties had executed a note and a mortgage, that initial agreement patently did not constitute a contract to refinance that mortgage. The borrower-lender relationship between the plaintiff and

the defendant was in and of itself insufficient to impose on the defendant a duty of good faith and fair dealing as to any claim regarding the ability to refinance that mortgage. See *Southbridge Associates, LLC* v. *Garofalo*, 53 Conn. App. 11, 16–17, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). Absent an enforceable refinancing agreement, the defendant's duty of good faith and fair dealing is implicated only if the claimed violation relates to the note and the mortgage itself. See id. The duty of good faith and fair dealing is not implicated because the note and the mortgage do not guarantee or discuss any right to refinance. Accordingly, the court properly restricted the issues on remand to whether the parties had entered into an enforceable refinancing agreement.

## II

The plaintiff next claims that the court improperly precluded the testimony of one of the plaintiff's expert witnesses. The plaintiff argues that had the court not improperly restricted the trial issues to whether a refinancing agreement existed between the parties, the court would not have precluded the testimony. The plaintiff also appears to argue that the court improperly precluded that expert's testimony regarding whether the parties had entered into an enforceable refinancing agreement. We disagree.

The following additional facts are pertinent to our review of the plaintiff's claim. The defendant filed a motion in limine on October 23, 2003, asserting, inter alia, that the court should preclude the plaintiff from introducing testimony from Vincent Fazio as a banking expert who was proffered to testify regarding good faith banking practices, contract formation and breach of contract. The plaintiff indicated that Fazio would testify about banking practices and that he would give an opinion regarding whether the parties had entered into a

refinancing agreement. After a hearing on that motion, the court granted the defendant's motion in limine in part, but deferred ruling on the admissibility of Fazio's testimony regarding whether the parties had entered into a refinancing contract. During trial, on November 14, 2003, the plaintiff called Fazio as an expert. The defendant objected, and the court sustained the objection. In support of its ruling, the court found that Fazio was knowledgeable about high end international banking policies and commercial matters, but the court concluded that he was not qualified to render an expert opinion regarding the lower level banking practices of residential loan officers. The court also decided that it was inappropriate for Fazio to offer his opinion regarding whether there was a binding contract because that was an ultimate issue for the jury to decide.

Because we have concluded that the court properly restricted the trial issues, the plaintiff's claim must fail to the extent that it relies on the assertion in part I that the court improperly restricted the trial issues. To the extent that the plaintiff contends that the court should have admitted Fazio's testimony regarding his opinion as to whether the parties had entered into a refinancing agreement, the claim is also without merit.

"[T]he trial court has wide discretion in ruling on the qualification of expert witnesses and the admissibility of their opinions. . . . The court's decision is not to be disturbed unless [its] discretion has been abused, or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.) *State* v. *DiLoreto*, 88 Conn. App. 393, 398, 870 A.2d 1095 (2005). To qualify Fazio as an expert on banking procedures, the plaintiff was required to demonstrate that he had the "special skill or knowledge directly applicable to a matter in issue . . . that [his] skill or knowledge is not common to the average person, and [that his] testimony would be helpful to the court or jury in considering the

issues." (Internal quotation marks omitted.) Id. After examining the record, we conclude that the court did not abuse its discretion in determining that there was an insufficient basis for Fazio's opinion about the banking practices of residential loan officers. That Fazio has supervised residential loan officers as a chief financial officer of a bank and has impressive credentials regarding high end commercial banking procedures does not support a finding that he has expertise on the exact procedures of residential loan officers and the specific indicia of a contract that would lead a reasonable person to conclude that there was a contract. The record reveals that the court did not abuse its discretion in finding that Fazio was abundantly qualified in establishing banking policies on the international level as well as acting as a chief financial officer, but was not qualified on the specific issue before the court regarding the formulation of a refinancing contract.

Furthermore, the court did not abuse its discretion when it precluded Fazio's testimony as to whether there was a binding refinancing contract because that testimony would have amounted to a legal opinion as to the validity and enforceability of the claimed contract between the parties. "An expert witness ordinarily may not express an opinion on an ultimate issue of fact, which must be decided by the trier of fact. . . . An expert may, however, give an opinion on an ultimate issue where the trier, in order to make intelligent findings, needs expert assistance on the precise question on which it must pass." (Citation omitted; internal quotation marks omitted.) *Daley* v. *Wesleyan University*, 63 Conn. App. 119, 138, 772 A.2d 725, cert. denied, 256 Conn. 930, 776 A.2d 1145 (2001). The plaintiff did not argue in his brief to this court or at oral argument the reasons why the jury needed expert testimony to decide the ultimate issue in this case. Furthermore, our review of the record does not disclose any basis for concluding

that the court abused its wide discretion when it excluded Fazio's testimony. Accordingly, we conclude that the court properly excluded the expert testimony proffered by the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.