## CONNECTICUT NATIONAL BANK *v.*
## GEORGE W. GAGER
## (AC 21457)

Landau, Pellegrino and Daly, Js.

Argued September 12—officially released November 13, 2001

*Susan M. Phillips*, with whom was *Andrew Brand*, for the appellant (defendant).

*Paul M. Geraghty*, for the appellee (substitute plaintiff).

*Opinion*

LANDAU, J. In this mortgage foreclosure action, the defendant, George W. Gager, appeals from the judgment

of the trial court granting the postjudgment motion of the substitute plaintiff, Anne D. Sanger, to correct the record of a prior court order. The defendant claims that the court improperly granted the motion because there was no evidence of a clerical impropriety. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In 1990, the original plaintiff, Connecticut National Bank (bank), commenced a foreclosure action against the defendant involving multiple properties. In July, 1994, the parties entered into a stipulated judgment of strict foreclosure. The stipulated judgment provided that the bank could file a motion to open and modify the judgment for the purpose of withdrawing the foreclosure action as to certain designated properties.

In August, 1994, the bank filed a motion to open the judgment, to extend the law days and to withdraw the foreclosure action as to the designated properties. On September 12, 1994, the court heard argument on the motion at the short calendar. At that time, Sanger was substituted as the plaintiff and was represented by counsel, but the defendant did not appear and was not represented by counsel. The court issued an oral order at the close of the hearing, and the clerk of the court recorded the order on the last page of the motion by making several written notations. The notations consisted of a circle around the word "granted," a line through the word "denied," the date, "9-12-94," and the following sentences: "The new law day is 10-11-94. All other terms of the judgment shall remain the same (*Leuba, J.*)." The clerk also crossed out the word "Judge," immediately below the signature line, and signed his own name above the word "Clerk."

Almost six years later, the plaintiff filed a motion to correct the record. In her motion, the plaintiff claimed

that the written notations on the trial court's order contained a scrivener's error and that the error should be corrected to reflect that the court had intended only to set new law days following her substitution as the plaintiff, not to approve withdrawal of the foreclosure action against the designated properties. The parties submitted transcripts of the 1994 hearing as exhibits with their memoranda of law.

Following oral argument, the court granted the motion to correct the record as the plaintiff requested, but did not issue a written memorandum of decision. Thereafter, the defendant filed a motion for articulation. In its articulation, the court stated that "[t]he motion to correct was granted because all it did was correct a scrivener's error of the clerk in a hearing before Judge Leuba. The correction merely restated the correct order of the court." This appeal followed.

The defendant's claim on appeal is that the court improperly concluded that there was a scrivener's error in the 1994 order. We decline to review this claim.

The defendant's claim involves the trial court's fact-finding function. "The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. . . . Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Lauver* v. *Planning & Zoning Commission*, 60 Conn. App. 504, 509, 760 A.2d 513 (2000).

"A motion to correct [a] clerical error is one in which no change is sought in the judgment rendered by the court but only in an alleged improper recording of that judgment; its purpose is to make the record conform to what actually took place." 2 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1971) § 207 (b), p. 853. We must, therefore, determine, in view of the evidence, whether the trial court's conclusion that the written record of judgment did not reflect the express intent of the court was clearly erroneous.

It is the appellant's burden to provide an adequate record for review. See Practice Book § 60-5; *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 60 Conn. App. 842, 852, 763 A.2d 1049 (2000). "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Greene* v. *Perry*, 62 Conn. App. 338, 344, 771 A.2d 196, cert. denied, 256 Conn. 917, 773 A.2d 943 (2001).

"One specific purpose of a motion for articulation of the factual basis of a trial court's decision is to clarify an ambiguity or incompleteness in the legal reasoning of the trial court in reaching its decision." (Internal quotation marks omitted.) *State* v. *Cobb*, 251 Conn. 285, 383, 743 A.2d 1 (1999), cert. denied, 531 U.S. 841, 121 S. Ct. 106, 148 L. Ed. 2d 64 (2000). Where, however, a "trial court fails to answer a motion for articulation or does so incompletely, the appellant should seek a further articulation. . . . When a party is dissatisfied with the trial court's response to a motion for articulation, he [or she] may, and indeed under appropriate circumstances he [or she] must, seek immediate appeal of the rectification memorandum to this court via a motion

for review." (Citation omitted; internal quotation marks omitted.) *Reader* v. *Cassarino*, 51 Conn. App. 292, 295–96, 721 A.2d 911 (1998).

Here, although the defendant requested that the trial court articulate the basis for its decision, the court merely responded that "[t]he motion to correct was granted because all it did was correct a scrivener's error of the clerk . . . ." It did not articulate the reasoning used in reaching its conclusion. Moreover, the defendant failed to avail himself of the procedural vehicles that might have remedied this deficiency in the record; see id., 296; because he did not request a further articulation pursuant to Practice Book § 66-5[1] and did not file a motion for review of the trial court's articulation.[2] Id. For this court to determine how the trial court arrived at its decision without the benefit of a more detailed explanation would be speculative. See *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, supra, 60 Conn. App. 851. It is not our role to speculate. Id. Accordingly, we decline to review this claim.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. . . ."

[2] Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Section 66-5 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ."

[3] In light of the inadequate record, we also decline to review the defendant's claims that (1) the plaintiff offered insufficient evidence that the court's intent is not reflected in the written judgment, and (2) the granting of the motion to correct will result in undermining the process of searching and certifying title in Connecticut.