MARCIA K. CAVANAUGH *v.* NEWTOWN BRIDLE
LANDS ASSOCIATION, INC.

LAWRENCE A. MOSES ET AL. *v.* WILLIAM
HORRIGAN, JR., ASSOCIATES ET AL.
(SC 16706)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued April 24—officially released August 20, 2002

*Lawrence A. Cavanaugh,* for the appellants (plaintiffs in both cases).

*Andrew E. Garson,* for the appellee (defendant in both cases Newtown Bridle Lands Association, Inc.).

*Edward T. Krumeich,* for the appellee (defendant in the second case Toll Land XVII Limited Partnership).

*Robert H. Hall* filed a brief for the appellees (defendants in the second case Arthur Collins and Newtown Associates Limited Partnership).

*Opinion*

VERTEFEUILLE, J. The sole issue in this joint appeal is whether it was necessary in 1978 for a general partnership converting to a limited partnership to execute a deed conveying the general partnership's real property to the reconstituted limited partnership. The plaintiffs, Marcia K. Cavanaugh and Lawrence A. Moses and Lynda Moses (Moseses), appeal from the judgments of the trial court affirming the validity of certain horse trail easements that encumber the plaintiffs' properties. We conclude that the general partnership was not required formally to convey its real property to the reconstituted

limited partnership by deed. Accordingly, we affirm the judgments of the trial court.

The plaintiffs own separate parcels of land subdivided from a large tract once owned by the named defendant in the second case, William Horrigan, Jr., Associates (Horrigan Associates). The parcels are subject to bridle path easements granted by the plaintiffs' predecessors in title to the defendant Newtown Bridle Lands Association, Inc. (Bridle Lands). The plaintiffs challenged the validity of those easements in the consolidated actions underlying this appeal. The trial court concluded that the easements were valid and rendered judgment in each case quieting title to the properties as to the plaintiffs subject to the easements in favor of Bridle Lands. The plaintiffs appealed from those judgments to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. We conclude that the easements that encumber the plaintiffs' properties are valid and therefore we affirm the judgments of the trial court.

The following facts and procedural history guide our resolution of this appeal. In 1978, Horrigan Associates, a general partnership, owned a tract of land approximately six hundred acres in size on the east and west sides of Poverty Hollow Road in Newtown, which the partnership intended to develop for residential use. Horrigan Associates consisted of five general partners: Arthur Collins, Arthur D. Emil, Frank A. Healy, William Horrigan, Jr., and David H. Thorne. In October, 1978, Collins and Emil purchased all but 10 percent of the partnership from Healy, Horrigan and Thorne, and the five partners executed an amended and restated limited partnership agreement in which Collins and Emil were named as general partners and Healy, Horrigan and

Thorne became limited partners.[1] Additionally, the name of the partnership was changed to Newtown Associates Limited Partnership (Newtown Associates) and this change also was set forth in the amended partnership agreement.[2] Simultaneous with these changes, Collins and Emil, as general partners, and Horrigan, Healy and Thorne, as limited partners, executed a "Certificate of Limited Partnership of Newtown Associates" (certificate). The certificate disclosed that the partners were converting Horrigan Associates into the limited partnership, Newtown Associates. The certificate was recorded in the Newtown land records, but no deed conveying the six hundred acre property from Horrigan Associates to Newtown Associates was executed or recorded.

In 1988, Newtown Associates divided the property and sold a portion of it, including the portion comprising the plaintiffs' properties, to the defendant Greenleaf Associates. Greenleaf Associates obtained approval from the Newtown planning and zoning commission for subdivision of the property in 1989,[3] and subsequently conveyed the property to the defendant CTP, Inc., which later conveyed the property to the defendant Cavaliere and Sons, Inc. (Cavaliere). In 1993, Cavaliere

---

[1] Unlike general partners, limited partners are not personally liable for the debts and obligations of the partnership. The availability of limited partnerships "encourage[s] trade by authorizing and permitting a capitalist to put his money into a partnership with general partners possessed of skill and business character only, without becoming a general partner, or hazarding anything in the business except the capital originally subscribed." (Internal quotation marks omitted.) *Fidelity Trust Co.* v. *BVD Associates*, 196 Conn. 270, 274, 492 A.2d 180 (1985).

[2] Because Horrigan became a limited partner, the partnership could no longer bear his name. General Statutes (Rev. to 1977) § 34-13. Since 1978, the time of the conversion here, § 34-13 has been amended several times. The provision regarding the naming of the partnership currently is codified at § 34-13 (2).

[3] The subdivision was approved on the condition that certain dedicated open space and the existing horse trail easements would be maintained across the subdivided parcels.

granted Bridle Lands a horse trail easement for the trails shown on the subdivision maps, a portion of which crossed the properties now owned by the plaintiffs. Cavaliere subsequently conveyed the property to the defendant Toll Land XVII Limited Partnership (Toll Land), which granted a second easement to Bridle Lands, a portion of which crossed the Moseses' parcel and replaced the previous easement crossing the Moseses' parcel granted by Cavaliere. Toll Land thereafter conveyed to Cavanaugh and the Moseses the properties they presently own, subject to the horse trail easements. The plaintiffs had both record notice and actual notice of the existence of the easements when they purchased their respective properties.

In 1998, Cavanaugh brought an action to quiet title against her predecessors in title,[4] and in February, 1999, the trial court rendered judgment quieting title in her favor. Cavanaugh then commenced the first action that underlies this appeal against Bridle Lands, seeking to extinguish the horse trail easement to which her parcel is subject. In 2000, the Moseses brought the second action that underlies this appeal against Horrigan Associates, Horrigan, Healy, Collins, Emil, Thorne, Newtown Associates, Greenleaf Associates, CTP, Inc., Cavaliere, Toll Land and Bridle Lands, seeking to quiet title and to extinguish the easement across their parcel. Bridle Lands owns the horse trail easement, and the other defendants were predecessors in title to the Moseses.[5]

---

[4] The defendants in the 1998 quiet title action brought by Cavanaugh were Horrigan Associates, Horrigan, Healy, Thorne, Collins, Emil, Newtown Associates, Greenleaf Associates, CTP, Inc., Cavaliere, and Toll Land. Before judgment was rendered in that case, Collins and Emil executed quitclaim deeds granting any interest they possessed in the parcel to Cavanaugh. Bridle Lands was not a party in that prior proceeding and that proceeding is not relevant to the present appeal. See *Cavanaugh* v. *Willam Horrigan, Jr., Associates*, Superior Court, judicial district of Danbury, Docket No. CV980332531S (February 12, 1999).

[5] Default judgments were rendered against Emil, Horrigan, Newtown Associates, and CTP, Inc., and the Moseses withdrew their action as to Healy,

In their respective actions, the plaintiffs claimed that, under the law in effect in 1978, the partners of Horrigan Associates were required to execute a deed conveying the partnership's real property to Newtown Associates, the reconstituted partnership. The plaintiffs argued that the general partnership's failure formally to convey the property by executing and recording a deed rendered invalid the titles of all subsequent owners of the parcels once held by Horrigan Associates. As a result, the plaintiffs further contended, no subsequent titleholder had the legal right to grant the horse trail easements to Bridle Lands.

The two cases were consolidated and tried together. After a one day bench trial, the trial court concluded that, under the law in effect in 1978, Horrigan Associates could convert to a limited partnership without having to record a deed conveying its real property to Newtown Associates. The trial court concluded, therefore, that Newtown Associates possessed valid title to the property when it conveyed it to Greenleaf Associates and, consequently, subsequent titleholders had the right to grant the easements to Bridle Lands. Accordingly, the trial court rendered judgment quieting title to the plaintiffs' properties, subject to the horse trail easements previously conveyed to Bridle Lands. This appeal followed.

On appeal, the plaintiffs claim that Newtown Associates was a new and separate legal entity from Horrigan Associates, and, accordingly, the general partnership could not transfer property to the limited partnership without the formality of a deed. The plaintiffs maintain that, because the six hundred acre property owned by Horrigan Associates never formally was conveyed to Newtown Associates, the latter never possessed valid

---

Thorne and Greenleaf Associates when those defendants conveyed any rights they had in the property to the Moseses by quitclaim deed.

title to the property. As a result of this alleged defect, the plaintiffs contend, no valid chain of title existed to allow subsequent holders of the property to grant the horse trail easements to Bridle Lands. The defendants respond that no deed was necessary to transfer the real property of Horrigan Associates to Newtown Associates when the general partnership converted to the limited partnership. They claim that Newtown Associates passed good title to Greenleaf Associates and that subsequent owners in the chain of title were able to grant valid horse trail easements across the properties later purchased by the plaintiffs. We agree with the defendants.[6]

We begin by briefly setting forth the applicable standard of review. "The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 122, 788 A.2d 83 (2002). In the present case, whether the law in effect in 1978 required Horrigan Associates to execute a deed formally conveying its real property to Newtown Associates is a question of law. Accordingly, our review is plenary. See id.

---

[6] The plaintiffs argued in this court that the valid legal title to their parcels remains vested in Horrigan Associates, the general partnership that was converted to Newtown Associates. At least two problems with this claim are readily apparent. First, the plaintiffs are urging us to conclude that someone other than the plaintiffs themselves own the properties to which they have record title. Second, Horrigan Associates, the general partnership, no longer exists as such, because it was converted to Newtown Associates, the limited partnership.

The term "conveyance" is defined in Black's Law Dictionary as the "transfer of title to land from *one person*, or class of persons, *to another* by deed." (Emphasis added.) Black's Law Dictionary (6th Ed. 1990). The term "deed" is defined as "[a] written instrument, signed, and delivered, by which *one person* conveys land . . . *to another*." (Emphasis added.) Id. It is clear from these definitions that there is no conveyance, and therefore no need for a deed, unless there are two separate and distinct entities involved in the property transfer. To resolve the issue in this appeal, therefore, we must determine whether Newtown Associates was a partnership separate from Horrigan Associates such that Horrigan Associates was required to convey ownership of its property by deed to Newtown Associates.

Currently, the manner in which a general partnership may be converted to a limited partnership and the effect of such a conversion are set forth in the Uniform Partnership Act (act). See General Statutes § 34-300 et seq. Specifically, General Statutes § 34-387 provides in relevant part: "(a) A partnership or limited partnership that has been converted [into a limited partnership or partnership, respectively], is for all purposes the same entity that existed before the conversion. (b) When a conversion takes effect: (1) All property owned by the converting partnership or limited partnership remains vested in the converted entity . . . ." Had § 34-387 been in effect when Horrigan Associates was converted to Newtown Associates, it is clear that Horrigan Associates would not have had to execute a deed formally conveying its real property to the reconstituted limited partnership. Rather, as the language of § 34-387 clearly provides, Horrigan Associates and the reconstituted Newtown Associates would have been considered the same entity, and title to Horrigan Associates' real property would have remained vested in Newtown Associates following the conversion. Section 34-387, however,

was not enacted until 1995, and the revision of the act in effect in 1978 did not address the proper method for, or the effect of, converting a general partnership into a limited partnership. See General Statutes (Rev. to 1977) §§ 34-39 through 34-81. Accordingly, we must decide the issue in this appeal as a matter of common law.

As set forth previously herein, Horrigan Associates consisted of five general partners: Collins, Emil, Horrigan, Healy and Thorne. Upon the conversion of Horrigan Associates to a limited partnership, four aspects of the partnership changed. First, ownership of the partnership was reapportioned among the partners. Emil and Collins increased their interest to 90 percent of the partnership and the remaining three partners reduced their combined partnership interest to 10 percent. Second, the management of the partnership changed. Emil and Collins, as general partners, became the sole managers of the affairs of the partnership while Horrigan, Healy and Thorne, as limited partners, relinquished any management role. Third, the name of the partnership changed, as required by statute. See footnote 2 of this opinion. Finally, the extent to which Horrigan, Healy and Thorne were liable to third parties was limited.

Certain aspects of Horrigan Associates, however, remained the same. First, the entity remained a partnership. Second, no new partners were admitted to the partnership, and no partners left the partnership. Third, the business of the partnership, developing real estate in Newtown, did not change. Finally, the partnership continued to be governed by the original partnership agreement, which was amended to reflect the changes that had been made.

We conclude, on these facts, that Newtown Associates was not a new partnership separate from Horrigan Associates and, therefore, a deed was not required to

transfer ownership of the partnership property to New-
town Associates. Notwithstanding the change in owner-
ship interests among the partners, the change in the
extent to which certain partners were liable to third
parties, and the change in the name of the partnership,
Newtown Associates was the same entity, carrying on
the same business as the general partnership that
existed prior to the conversion. The plaintiffs have
offered no rationale, and we can find none, to support
their contention that Newtown Associates was a new
and separate legal entity from Horrigan Associates.

Moreover, the partners here gave full notice of all
the changes being made in the partnership by recording
an instrument in the Newtown land records. In 1978,
the time of the conversion in the present case, General
Statutes (Rev. to 1977) § 47-12[7] required any corporation
owning real property whose name had been changed
to file a notice on the land records setting forth the
name of the corporation both before and after such
change. The partnership complied, in effect, with § 47-
12 by recording in the Newtown land records a certifi-
cate of limited partnership that set forth in the clearest
possible terms all of the changes to the partnership,
including the change of name. Although the revision of
§ 47-12 in effect in 1978 expressly applied only to per-
sons and corporations, the statute later was amended
to apply also to partnerships. See Public Acts 1998, No.
98-137, § 54. The current revision of General Statutes
§ 47-12 provides: "Any person, corporation, limited lia-
bility company or limited liability partnership owning

---

[7] General Statutes (Rev. to 1977) § 47-12 provides: "Any person or corpora-
tion owning real estate or having an interest therein whose name has been
changed, and any corporation which has been merged into or consolidated
with another, shall, within sixty days after such change, merger or consolida-
tion, file with the town clerk of the town in which such real estate is located
a certificate, duly acknowledged, giving the name before and after such
change or such merger or consolidation, and the town clerk shall record
and index the certificate in the land records."

real estate or having an interest therein whose name has been changed, any corporation which has been merged into or consolidated with another, *and any general or limited partnership which has converted to a* limited liability company or *limited liability partnership,* shall, within sixty days after the change, merger, consolidation or conversion file with the town clerk of the town in which the real estate is located a certificate, duly acknowledged, giving the name before and after the change, merger, consolidation or conversion and the town clerk shall record and index the certificate in the land records." (Emphasis added.) The current revision of § 47-12 is consistent with the partners' action in 1978 in recording the certificate of limited partnership in the Newtown land records. In other words, the partners complied with the statutory notice procedure delineated in § 47-12 before that statute expressly applied to partnerships, thereby providing record notice to all interested parties that the name of the property owner had changed.

We conclude that Horrigan Associates and Newtown Associates were not separate and distinct entities such that a conveyance was required to transfer title to the partnership property. We further conclude that the title to the real property of the partnership remained vested in the reconstituted partnership upon its conversion. Consequently, both Cavaliere and Toll Land held valid title to the property and were able to convey valid horse trail easements across the plaintiffs' properties.

The judgments are affirmed.

In this opinion the other justices concurred.